IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELSEY CERNETICH,<br>　　　　　Plaintiff<br><br>v.<br><br>TARGET CORPORATION,<br>　　　　　Defendant | CIVIL ACTION NO. 2:23-cv-257 |

## COMPLAINT

NOW COMES Plaintiff, Kelsey Cernetich nee Flint (hereinafter "Cernetich"), by her attorneys, Stephen Moniak, Esquire and Appel, Yost & Zee LLP, and files the within Complaint against Defendant Target Corporation (hereinafter "Target"), as follows:

### NATURE OF CLAIM

1. Plaintiff Kelsey Cernetich ("Ms. Cernetich") brings this action pursuant to 29 U.S.C. §1001 *et seq.*, the Employee Retirement Income Security Act of 1974, ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §§1161-1169, and regulations issued pursuant thereto, based on the failure of Defendant Target to afford her the continuation of her medical insurance coverage in connection with her employment at Target and to provide other required plan information under COBRA and ERISA.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction of this matter pursuant to 28 U.S.C. § 1331, together with the specific grants of jurisdiction provided by 29 U.S.C. § 1132(e).

3. Venue is proper in this District because the Defendant resides in this District and the events at issue took place in this District. Target is a national retailer with stores in all states, including in this District where Ms. Cernetich worked.

## FACTUAL BACKGROUND

4. Plaintiff Kelsey Cernetich is an adult individual who resides at 1501 Nissley Road, Landisville, PA 17538.

5. Defendant Target Corporation is a Minnesota business corporation with a business address of 1000 Nichollet Mall, Minneapolis, MN 55403. Target has several retails stores within this District, including stores located at 36 E. Waterfront Drive, Homestead, Pennsylvania 15120 ("the Homestead store") and 6206 State Rte 30, Greensburg, Pennsylvania 15601-6399 (the "Greensburg store").

6. On or about April 29, 2019, Ms. Cernetich was hired by Target as a General Merchandiser Team Leader in its Homestead store. Ms. Cernetich was transferred to the Greensburg store in or around September or October 2019, first

employed as a Service & Engagement Team Leader, then as a Food & Beverage Team Leader.

7. As a full-time Target employee, Ms. Cernetich was eligible to participate in Target's health and welfare Plan (hereafter, the "Health Plan").

8. Upon information and belief, Target is the Plan Sponsor and Administrator of its Health Plan.

9. Ms. Cernetich elected to participate in Target's Health Plan from the inception of her employment as health insurance was important to her.

10. Target offered health insurance through its Health Plan from United Healthcare.

11. Beginning with her first paycheck in May of 2019, Target automatically deducted the employee cost of health insurance from Ms. Cernetich's paycheck.

12. On or about November 20, 2020, Ms. Cernetich became very ill and sought medical care from UPMC – Monroeville, Pennsylvania.

13. Ms. Cernetich was diagnosed with severe COVID-19, pneumonia and an appendicitis, which required an appendectomy, requiring hospitalization at UMPC-Presbyterian.

14. Ms. Cernetich presented her United Healthcare insurance card to UPMC for her medical care, and upon information and belief, UMPC processed her medical bills using her health insurance.

15. Upon information and belief, United Healthcare made certain payments to UPMC for Ms. Cernetich's medical care at UPMC.

16. Ms. Cernetich paid her co-pay and/or deducible portions of the United Healthcare insurance for her medical care and was never denied insurance coverage for her multiple hospital/doctor visits.

17. Meanwhile, Ms. Cernetich kept Target informed of her medical situation and diagnoses, and was unable to work beginning on or around November 20, 2020 through December, 2020 per her doctor's return to work orders which were provided to Target.

18. Ms. Cernetich recovered and returned to work at Target in or around January, 2021.

19. Ms. Cernetich voluntarily resigned from Target on or about April 7, 2021.

20. Approximately a year after her medical care, UPMC issued a bill to Ms. Cernetich dated December 13, 2021, in the amount of $35,663.28 less an "uninsured discount" of $7,591.15 for a total of $28,072.12 for her medical care at UPMC in December, 2020.

21. Thinking there had to be a mistake as her United Healthcare insurance through Target would have paid for her medical care at UPMC as a participating provider, Ms. Cernetich called UPMC shortly after receiving the bill on December 20, 2021 who informed her that her medical insurance through Target was not covering her medical care.

22. On or about that same day, Ms. Cernetich called United Healthcare who told her that Target was saying that she was not insured during the applicable time.

23. Also on that same day, Ms. Cernetich called a Target representative who told her that because she was not a current employee, she could not speak to her about her medical insurance.

24. Undeterred, Ms. Cernetich called another Target representative a few days later, who indicated that she should have received documentation from Target about whether or not she wanted to continue with Target's health insurance.

25. It was also during this call that Target first informed her that Target unilaterally cancelled her health insurance retroactively to November 22, 2020, two days after Ms. Cernetich had fallen ill and sought medical attention.

26. When asked why, Target alleged that it was due to "non-payment of premiums."

27. Target did not provide Ms. Cernetich with any written or oral notice that informed her when and where to make her health insurance contributions/premium payments after she became ill on November 20, 2020, which she believed were continued to be taken from her paychecks.

28. Target did not provide Ms. Cernetich with any written or oral notice that informed her that she was in arrears, is she ever was, with respect to her health insurance contributions/premium payments after November 20, 2020.

29. Target never provided Ms. Cernetich any written or oral notice that it was terminating her health insurance coverage and any purported reason(s) for doing so.

30. Target continued to take deductions from Ms. Cernetich's paycheck for health insurance coverage in late March/early April 2020.

31. Target did not provide Ms. Cernetich with a COBRA notice in connection with Target's alleged termination of her healthcare coverage in or around November 22, 2020.

32. Target did not provide Ms. Cernetich with a COBRA notice regarding the reduction in her hours in November and December 2020.

33. Target did not provide Ms. Cernetich with a COBRA notice in connection with her separation of employment with Target on or about April 7, 2021.

34. Had Target provided the requisite COBRA notices, Ms. Cernetich would have elected COBRA so that her medical care and bills would have been paid by insurance.

35. Ms. Cernetich exhausted her administrative remedies by filings appeals of the denial of her medical coverage with Target, but each time, Target refused to reinstate her medical coverage or otherwise grant her appeals.

36. UPMC has referred Ms. Cernetich's account to collections, and has been contacted by a debt collector for the medical bills that should have been paid by her health insurance with Target but for Target's improper conduct.

37. Target's improper conduct has and continues to cause Ms. Cernetich substantial harm, including but not limited to large medical bills that should have been covered by her insurance and damage to her credit.

**REQUEST FOR HEALTH PLAN DOCUMENT**

38. On or about November 28, 2022, Ms. Cernetich made a written request for a copy of Target's Health Plan Document for 2019 and insurance plan for 2019-2021.

39. In response, Target provided Ms. Cernetich with a copy of the summary plan description only for Target's vison eyewear plan.

40. To date, Target has failed to provide Ms. Cernetich with the summary plan description or plan document for Target's Health Plan for medical in 2019 and the insurance plan for 2019-2021 and any amendments thereto.

## COUNT I
## VIOLATION OF ERISA/COBRA
## 11 U.S.C. §1132(a)(1)(A) and (c) and 29 U.S.C. § 1161 *et seq.*

41. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

42. At all relevant times, Ms. Cernetich was a qualified beneficiary of Target's Health Plan and a covered employee.

43. Ms. Cernetich experienced a reduction in hours beginning on or about November 20, 2020 due to a serious illness and Target, unbeknownst to Plaintiff, terminated her health insurance coverage.

44. A reduction in hours accompanied by a loss of coverage is a qualifying event under COBRA.

45. A change in the method or means by which an employee is required to make contributions to a health care plan that occurs in connection with a reduction in hours also qualifies as a loss of coverage for purposes of COBRA.

46. Target was required to provide Ms. Cernetich with a COBRA notice offering continuation coverage due to this qualifying event.

47. Target failed to provide a COBRA notice to Ms. Cernetich.

48. Ms. Cernetich voluntarily resigned from Target on or about April 7, 2021.

49. Ms. Cernetich's separation of employment is a qualifying event under COBRA.

50. Target was required to provide Ms. Cernetich with a COBRA notice offering continuation coverage due to this qualifying event.

51. Target failed to provide a COBRA notice to Ms. Cernetich.

52. In fact, Target has never provided a COBRA notice to Ms. Cernetich despite allegedly terminating her medical insurance coverage retroactively to November of 2020.

53. As a proximate result of Target's failure, Ms. Cernetich was uninsured unbeknownst to her, and is facing substantial medical bills that would and should have been paid by her insurance with Target.

54. Had Target provided the requisite COBRA notices, Ms. Cernetich would have elected COBRA so that her medical care and bills would have been paid by her insurance with Target.

55. Creditors are attempting to collect the cost of the unpaid medical bills from Ms. Cernetich. Plaintiff's credit rating will be negatively impacted.

56. Plaintiff is entitled to statutory penalties of $110.00 per day pursuant to 29 U. S. C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 for each violation.

57. Plaintiff has fulfilled all conditions precedent to the bringing of these claims pursuant to U.S.C. § 1132(e). Defendant is liable to Plaintiff pursuant to 29 U.S.C. § 1132(c)(1), 1132(g)(1) for reasonable attorney's fees and costs.

WHEREFORE, Plaintiff Kelsey Cernetich respectfully demands judgment be entered in her favor and against Defendant Target Corporation in an amount equal to all outstanding medical bills including prejudgment interest, statutory penalties, damages to her credit, reasonable attorney's fees, costs and other legal and equitable relief as the Court deems just and appropriate.

## COUNT II
## VIOLATION OF ERISA
## 11 U.S.C. §1132(a)(1)(A) and (c) and 29 U. S. C. §1024

58. The allegations in the preceding paragraphs are incorporated by reference as if fully set forth herein.

59. On or about November 28, 2022, Ms. Cernetich made a written request for a copy of Target's Health Plan Document for 2019 and insurance plan for 2019-2021.

60. In response, Target provided Ms. Cernetich with a copy of the summary plan description only for Target's vison eyewear plan.

61. To date, Target has failed to provide Ms. Cernetich with the summary plan description or plan document for Target's Health Plan for medical in 2019 and the insurance plan for 2019-2021 and any amendments thereto.

62. Target has thus violated its responsibilities under 29 U. S. C. §1024.

WHEREFORE, Plaintiff Kelsey Cernetich respectfully demands judgment be entered in her favor and against Defendant Target Corporation for a statutory penalty of $110 per day, reasonable attorney's fees, costs and other legal and equitable relief as the Court deems just and appropriate.

APPEL, YOST & ZEE LLP

Date: 2/16/23    By: /s/ Stephen Moniak
                     Stephen Moniak, Esquire
                     Attorney I.D. No. 80035
                     33 N. Duke Street
                     Lancaster, PA 17602
                     *Attorneys for Plaintiff Kelsey Cernetich*